By the Court.
Freedman, J.
The complaint claims $9,275, upon a quantum meruit for services rendered by the plaintiffs, who are lawyers, to the firm of Fowler Brothers.
The referee who tried the issues, found the value of the services to be $7,275.
This finding, it is true, is within the range of the testimony upon the question of value, but upon a careful examination of the whole case it appears to be clearly against the weight of the evidence.
The only testimony as to value upon which the finding of the referee must be deemed to rest, is the testimony of a witness called by the plaintiffs, who gave it as his opinion that the services were worth about $9,800. But that witness at the time of giving his testimony had practiced law in the State of New York, but little more than two years. For the six preceding years he had been hi Washington, D. C., and before that in Maine. At Washington he had been assistant attorney general of the United States, a salaried officer. The legal effect of his testimony, as a whole, was that he had very little practical knowledge of the value of professional services in the city of New York.
The only other witness called by the plaintiffs had at one time held the office of attorney general of the state of New York. His valuations of the different items of *168 plaintiff’s bill, when correctly added together, do not come up to $1,000, which is below the' figure adopted by the referee.
The defendant called two witnesses, lawyers in full practice in the city of New York, who respectively estimated the value at about $1,100 and $2,000.
In point of numbers, therefore, the witnesses stand three against one against the conclusion reached by the referee, and so far as the quality of the testimony is concerned, it seems to me that the witnesses called by the plaintiffs, in giving their testimony, were considering more what amount of compensation they themselves would hope to receive in like cases, than what the rank and file of the profession would charge, while the witnesses called by the defense, in giving their opinion, were guided by what in all probabilities the rank and file of the profession would charge.
In addition to all this it appears that the plaintiffs originally only claimed $5,102.52, for which -amount they rendered a bill Upon the defendant’s refusal to pay this bill, the claim was advanced to $9,192.15.
Aside, therefore, from all questions relating to the character of the services, many of which did not require any professional skill, and aside from all questions relating to the results accomplished which were comparatively small, it sufficiently appears that the finding of the referee cannot be sustained. Having reached this conclusion, it is unnecessary to consider the other questions referred to, or the question whether most of the services were not rendered under and in pursuance of a special contract as to price.
The judgment should be reversed and the order of reference vacated, and a new trial ordered, with costs to the appellant to abide the event.
'Sedgwick, Ch. J., and Ingraham, J., concurred.